IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Crim. No. **PJM 01-0533** |
| ARNULFO HERNANDEZ | * |
| Petitioner | * |

## MEMORANDUM OPINION

Arnulfo Hernandez has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), in which he seeks a reduction in his sentence under Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 891. Although he states in his Motion that he "qualifies for a reduction in sentence under section 3582(c)(2)," he was, in fact, found to have engaged in criminal activity involving over 500 kilograms of cocaine. Because of that, Hernandez's base offense level remains the same even after Amendment 782, and he is ineligible for a reduction. Accordingly, the Court will **DENY** his Motion.

I.

On August 14, 2009, Hernandez pled guilty to one count of conspiracy to distribute and possess with intent to distribute five or more kilogram of cocaine, in violation of 21 U.S.C. § 841. At sentencing, the Court adopted the factual findings and advisory guideline applications in the Presentence Report, determining that Hernandez's criminal activity involved over 500 kilograms of cocaine. Accordingly, under U.S.S.G. § 2D1.1, his base offense level was established at 38. He was sentenced to 300 months imprisonment.

On December 22, 2014, Hernandez filed the present Motion to Reduce Sentence, seeking a reduction in his sentence pursuant to Amendment 782. ECF No. 891. On January 10, 2017, the Government filed its opposition to the Motion. ECF No. 925. Hernandez has filed no reply.

II.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782, effective November 1, 2014, reduced the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses by two levels. It did not, however, reduce the base offense level for *all* drug offenses at *all* quantities. Even after Amendment 782, the base offense level for criminal activity involving over 500 kilograms of cocaine remained a 38. *See* U.S.S.G. §2D1.1(c) (listing 450 KG or more of Cocaine as a base offense level of 38). Accordingly, Hernandez's base offense today remains the same as it was in 2009 at the time of his sentencing.

A sentence reduction is not consistent with the policy statements of the Sentencing Commission, and thus not authorized, if the subsequent amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The relevant policy statement, § 1B1.10, instructs courts proceeding under 18 U.S.C. § 3582(c)(2) to "determine the amended guideline range that would have been applicable to the defendant if

[Amendment 782] had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

Here, if Amendment 782 had been in effect at the time that Hernandez was sentenced, the base offense level and amended guideline range applicable to Hernandez would have been the same as it was at the time of Hernandez's sentencing. Accordingly, Hernandez is not entitled to a sentence reduction, because he does not have a "sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Therefore, he is ineligible for a reduction in sentence.

## III.

For the foregoing reasons, Hernandez's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **DENIED**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**January 26, 2017**